IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:18-cr-297-S (2) |
| | § | |
| BAILEY JANE HANCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order date April 21, 2022, United States District Judge Karen Gren Scholer referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on April 4, 2022 [Dkt. No. 228] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No.237.

Defendant Bailey Jane Hance personally appeared in person and through counsel for a final revocation hearing by on May 20, 2022.

After consideration of the filings, Defendant's statement on her own behalf, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

-1-

## Background

Defendant Bailey Jane Hance was sentenced to a sentence of time served, followed by a 3-year supervised release term, for the offense of Use of a Facility of Interstate Commerce in Aid of Racketeering Enterprise, in violation of 18 U.S.C. § 1952(a)(3) and (A),).

Defendant began her term of supervised release on June 29, 2021.

## A.    <u>Alleged Violations</u>

On April 1, 2022, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following five violations:

### Previous Court Notifications

On January 13, 2022, a Report on Person Under Supervision and Request for Modifying the Conditions or Term of Supervision With Consent of the Offender was filed and alleged Bailey Jane Hance violated conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, on four occasions. Ms. Hance also violated her conditions of supervised release by failing to make monthly payments towards her restitution. The Court granted the exception to mandatory revocation and agreed with Ms. Hance's request for inpatient treatment. These violations are included below with additional violations.

### I.

### Violation of Mandatory Condition

You must not unlawfully possess a controlled substance.

### Violation of Mandatory Condition

You must refrain from the unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Nature of Noncompliance

Ms. Hance violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about

September 2021. On September 15, 2021, Ms. Hance submitted a urine specimen at Phoenix Associates and Counseling Services (PACS), Garland, Texas, that tested positive for amphetamine/methamphetamine, MDMA/MDA, and methamphetamine isomers Furthermore, on September 29, 2021, Mr. Hance admitted verbally to Senior U.S. Probation Officer Holly Christensen (Sr. USPO Christensen) that she used methamphetamine on September 14, 2021.

Ms. Hance violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about September 2021. On September 21, 2021, Ms. Hance submitted a urine specimen at PACS, that tested positive for methamphetamine. Furthermore, on October 5, 2021, Mr. Hance admitted verbally to Sr. USPO Christensen that she used methamphetamine with her brother on September 20, 2021.

Ms. Hance violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about November 2021. On November 9, 2021, Ms. Hance submitted a urine specimen at PACS, that tested positive for methamphetamine. Furthermore, on October 5, 2021, Mr. Hance admitted verbally to Sr. USPO Christensen that she used methamphetamine on November 8, 2021.

Ms. Hance violated these conditions of supervised release by using and possessing methamphetamine and marijuana, illegal controlled substances, in or about December 2021. On December 13, 2021, Ms. Hance submitted a urine specimen at PACS, that tested positive for methamphetamine and marijuana. Furthermore, on December 27, 2021, Mr. Hance admitted verbally to Sr. USPO Christensen that she used methamphetamine and marijuana on December 12, 2021, to cope with daily stressors. She admitted to attempting to alter her urine specimen by consuming excess water.

Ms. Hance violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about March 2022. On March 7, 2022, Ms. Hance submitted a drug test at Homeward Bound, Inc., (HBI) in Dallas, Texas, which presumptively tested positive for opiates and amphetamines. According to Alere Toxicology Laboratory, the drug test confirmed positive for amphetamine/methamphetamine, MDMA/MDA, and methamphetamine isomers. On March 31, 2022, Ms. Hance contacted Sr. USPO Christensen and admitted to using methamphetamine on or about February 18, 2022. The drug test also confirmed positive for extended opiates and oxycodone/oxymorphone; however, Ms. Hance provided a prescription to Sr. USPO Christensen for opiates.

## II.

## Violation of Mandatory Condition

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Nature of Noncompliance**

Ms. Hance violated this mandatory condition of supervised release by failing to attend drug testing. Ms. Hance failed to attend drug testing as directed on the following dates: September 8, 2021; September 14, 2021; October 20, 2021; December 9, 2021; February 25, 2022; and March 23, 2022.

## III.

**Violation of Special Condition**

The Defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at a rate of at least $25 per month.

**Nature of Noncompliance**

Ms. Hance violated this special condition of supervised release by failing to attend drug treatment at HBI as directed by the probation officer. Ms. Hance failed to attend intensive outpatient treatment on the following dates: March 8, 2022; March 10, 2022; March 14, 2022; March 15, 2022; March 17, 2022; March 22, 2022; March 24, 2022; March 28, 2022; and March 29, 2022.

## IV.

**Violation of Special Condition**

The Defendant shall pay any remaining balance of restitution in the amount of $1,859, as set out in this Judgment.

**Nature of Noncompliance**

Ms. Hance violated her conditions of supervised release by failing to make monthly payments towards her restitution. Since the commencement of supervision, Ms. Hance has not made any payments towards her restitution obligation. Therefore, she has not made restitution payments as directed for seven months. Her restitution balance is $1,859.

## V.

**Violation of Standard Condition No. 8**

You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must

not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Nature of Noncompliance**

Ms. Hance violated this condition of supervised release by having contact with Ricardo Renteria, a convicted felon who is also on federal supervised release in the Northern District of Texas. On March 31, 2022, Ms. Hance admitted to having contact with Mr. Renteria without prior approval from Sr. USPO Christensen. Ms. Hance admitted she met Mr. Renteria while at the Salvation Army in Dallas, Texas, and they maintained contact once they completed inpatient treatment in February 2022. Ms. Hance admitted to smoking methamphetamine with Mr. Renteria on at least two occasions in March 2022.

Ms. Hance violated this condition of supervised release by having contact with Suran Jones, a convicted felon who has a violent criminal history. Ms. Hance did not receive prior approval from Sr. USPO Christensen to have contact with Mr. Jones. On March 29, 2022, officers with the Dallas, Texas, Police Department responded to a disturbance call. Ms. Hance and Mr. Jones were present and questioned regarding this matter. Both admitted they had an argument and no police action was taken, as evidenced by the Dallas, Texas, police report. A criminal record check of Mr. Jones revealed he has multiple convictions for felonies which include violence and drugs.

## Personal History

Bailey Jane Hance began her term of supervised release on June 29, 2021. Ms. Hance was initially working with the Rescue Her program in Dallas, Texas; however, she was able to secure her own personal residence, and she has maintained employment. Ms. Hance was participating in mental health treatment at Centro de mi Salud (CDMS), Dallas, Texas; a women's sex offender treatment group at Assertive Community Treatment (ACT), Dallas, Texas; and substance abuse treatment at PACS. Ms. Hance admitted to Sr. USPO Christensen that once she was released from custody, she smoked methamphetamine with a friend. She has been inconsistent with her treatment attendance. She was participating in an outpatient substance abuse treatment program; however, her treatment level was increased to intensive outpatient treatment, due to her on-going use of methamphetamine. Ms. Hance admitted to Sr. USPO Christensen that she continues to associate with negative peers and is having difficulties coping with financial stressors. Sr. USPO Christensen has utilized multiple STARR skills (cognitive behavioral skills) with Ms. Hance to assist her in making better choices.

Since the commencement of supervision, Ms. Hance has not made any payments towards her restitution obligation despite being employed through-

out her term of supervision. She works for Urban Connections in Dallas, Texas, where she earns minimum wage.

Ms. Hance was placed in in-patient substance abuse treatment at the Salvation Army on January 17, 2022, and she completed the program on February 11, 2022. She was subsequently re-enrolled in intensive outpatient treatment at HBI; and she completed her intake on March 7, 2022. Despite successfully completing in-patient treatment, Ms. Hance submitted a drug test during her intake at HBI which tested positive for methamphetamine.

On March 18, 2022, Sr. USPO Christensen contacted Ms. Hance regarding her missed drug tests and non-attendance in drug treatment. Ms. Hance stated she thought she was supposed to start drug treatment the following month (April 2022). Sr. USPO Christensen directed Ms. Hance to attend drug treatment at HBI on March 21, 2022, and to submit to drug testing as directed. Ms. Hance attended one group session at HBI on that day and missed nine other required sessions.

On March 31, 2022, Ms. Hance contacted Sr. USPO Christensen and admitted to using methamphetamine on or about February 18, 2022, "a couple of days" after she completed in-patient treatment at the Salvation Army. She admitted she last used methamphetamine on March 30, 2022. Ms. Hance admitted she has been smoking methamphetamine with Ricardo Renteria, a convicted felon on federal supervised release. Ms. Hance also admitted her friend called the police on March 28, 2022, because she believed Ms. Hance was going to be battered by her boyfriend. Ms. Hance reported she had law enforcement contact; however, no action was taken. According to a Dallas Police Department report, on March 29, 2022, officers responded to a major disturbance. Officers arrived on the scene and Ms. Hance and Suran Jones admitted they had an argument. No police action was taken. According to police records, Mr. Jones is a convicted felon.

Since her release from custody, Ms. Hance has struggled with methamphetamine use. While under supervision, she participated in outpatient and inpatient substance abuse treatment, a women's sex offender group, and mental health treatment. Ms. Hance continues to associate with negative peers. She has conveyed the motivation to succeed; however, she has not utilized the resources available to her to make necessary changes in her life.

Dkt. No. 228 at 1-5.

On April 4, 2022, Judge Scholer signed the petition and issued a warrant for

Defendant. *See id.* at 6; Dkt. No. 229. Defendant made her initial appearance on April

20, 2022. *See* Dkt. No. 234. She was ordered detained pending a final revocation hearing. *See* Dkt. No. 238.

## B.   Revocation Hearing

Defendant appeared with counsel for a final revocation hearing on May 20, 2022. After her competence was established, Defendant testified under oath that she understood the violations alleged in the Petition and the range of punishment for those violations. She understood that she had the right to plead not true and have a hearing concerning whether she committed those violations. Defendant agreed to – and did – plead true to the alleged violations numbered I through V in the Petition.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel argued for a sentence at the low end of the advisory range of 4 to 10 months. The government urged that Defendant be revoked and sentenced within the recommended 4- to 10-month range. Defendant herself read a letter that she prepared for the Court and, in that letter, apologized and asked for leniency and promised to stay employed and take drug classes and pay off her restitution.

At the conclusion of the hearing, the undersigned orally recommended that Judge Scholer accept Defendant's pleas of true to the alleged violations numbered I through V in the Petition, that Judge Scholer find that Defendant violated her supervised release conditions as alleged in the Petition, that Defendant's terms of supervised release be revoked, and that Defendant be sentenced to an additional term

of imprisonment of 5 months with an no term of supervised release and with credit for any time served.

Defendant was advised of her right to object to these recommendations to Judge Scholer.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I through V in the Petition, Defendant has violated her conditions of supervised release, and revocation of her supervised release is mandatory. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include possession of a controlled substance and more than 3 positive drug tests over the course of 1 year, the Court should not, in its discretion, apply this exception – as the Court already did once in January 2022 – where Defendant has been provided the available treatment resources to assist her

in abstaining from illegal drug use and address her chemical dependency but has continued to engage in the use of illegal drugs despite the resources provided to her. Because Defendant has been unwilling or unable to follow her conditions of supervised release, as reflected in her drug use even after going through treatment made available to her, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address her violations.

As set out in the Petition, the statutory maximum term of incarceration on revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 228 at 5 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, she is subject to a violation grade of C and a criminal history category of II, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 4-10 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 228 at 5 (citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See* Dkt. No. 228 at 5.

Here, a sentence of 5 months with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and

set forth in § 3553(a). Defendant has continually violated her conditions of supervised release despite numerous interventions and opportunities to obtain compliance, and this recommended revocation sentence is intended to protect the public and assist Defendant with learning from and avoiding further problematic behavior in the future.

And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Defendant would not benefit from an additional term of supervised release, which the undersigned finds would not be necessary or appropriate, particularly in light of Defendant's having exhausted all substance abuse resources and, after completing inpatient substance abuse treatment, continuing to use and test positive for use illegal drugs and failing to attend outpatient substance abuse treatment sessions.

## Recommendation

Defendant Bethany Jane Hance's term of supervised release should be revoked, and she should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 5 months, with no additional term of supervised release and with credit for any time served.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM.

P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE